IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **TRENT BERGER,** § § | | |
| *Plaintiff* § § | **CIVIL ACTION NO.** _____ | |
| **v.** § § | **JURY DEMANDED** | |
| **U.S. DEPARTMENT OF COMMERCE** § § | | |
| *Defendant.* § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

### 1. PRELIMINARY STATEMENT

1.1 Plaintiff demands a JURY TRIAL in this employment retaliation case as to any and all issues triable to a jury. Plaintiff alleges Defendant U.S. DEPARTMENT OF COMMERCE (hereinafter referred to as "Defendant" or "Agency") took adverse personnel actions against Plaintiff.

1.2 COMES NOW, Plaintiff, TRENT BERGER (hereinafter referred to as "Plaintiff" or "Berger"), complaining of and about Defendant, U.S. DEPARTMENT OF COMMERCE (hereinafter referred to as "Defendant" or "Agency"), and for cause of action files this Original Complaint, showing to the Court the following:

### 2. PARTIES AND SERVICE

2.1 Plaintiff, Trent Berger, is a citizen of the United States and the Commonwealth of Virginia and resides in Clifton, Fairfax County, Virginia.

2.2 Defendant, U.S. Department of Commerce ("Agency" or "Defendant") is a Federal agency

and can be served by serving Ms. Gina M. Raimondo, the U.S. Secretary of Commerce, at 1401Constitution Ave NW, Washington, D.C. 20230.

## 3. VENUE AND JURISDICTION

3.1 Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 139l(b) because this is where in which all or part of the cause of action accrued and the District where Defendants maintain a residence, an agency or representative and where Defendant U.S. Department of Commerce is physically headquartered.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331, the Rehabilitation Act of 1973, and the Americans with Disabilities Act, as amended.

3.3. Declaratory and injunctive relief is sought pursuant to the Rehabilitation Act of 1973, and the Americans with Disabilities Act, as amended.

3.4. Actual damages, to include back pay and front pay are sought pursuant to Rehabilitation Act of 1973, and the Americans with Disabilities Act, as amended, as amended.

3.5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and Rehabilitation Act of 1973, and the Americans with Disabilities Act, as amended, as amended.

3.6. Compensatory damages may be awarded pursuant to the Rehabilitation Act of 1973, and the Americans with Disabilities Act, as amended.

## 4. STATEMENT OF CASE

4.1. On January 25, 2018, Complainant was appointed to a GS-11 Geographic Specialist position at the Census Bureau headquarters in the New York Regional Census Center.

4.2. Plaintiff, suffers from Asperger's Syndrome and the Agency hired him under Schedule A.

4.3. On or about, July 16, 2018, Complainant applied for the position of Visual Information Specialist, Vacancy Number: RCC2020NY-2018-01-3 with the Agency.

4.4. The Agency found that Plaintiff is a qualified individual with a disability and partially granted his requests for accommodations, but failed to provide a job coach, clear instructions, and training.

4.5. The Agency then fired Complainant for poor performance during his probationary period and without giving Complainant an opportunity to perform the essential functions with the benefit of these reasonable accommodations.

4.6. On October 4, 2018, Complainant filed an EEO complaint alleging that the Agency discriminated against him on the bases of disability (Asperger Syndrome) and reprisal.

4.7. On August 24, 2018, the Agency terminated Mr. Berger, who suffers from Asperger's Syndrome, during his probationary period and without fully addressing his requests for accommodation.

4.8. On or about August 27, 2018, Complainant was interviewed for the Visual Information Specialist position by Assistant Regional Census Manager, Paul Reyes, and Supervisory IT Specialist, Felix Santella.

4.9. Mr. Berger timely initiated his EEO complaint and then filed his formal complaint on November 13, 2018.

4.10. Following a deficient investigation conducted by the Agency, Mr. Berger requested a hearing before an EEOC administrative judge ("AJ").

4.11. During the discovery phase, the Agency refused to respond to Mr. Berger's discovery requests and Mr. Berger submits the AJ abused her discretion when she dismissed Mr. Berger's motion.

4.12. On August 27, 2018, Mr. Berger filed an EEO complainant against the Agency which alleges wrongful termination due to his disability and in retaliation for prior EEO activity.

4.13. On November 13, 2018, Mr. Berger filed an EEO complainant against the Agency.

4.14. Mr. Berger asserts that due to his disability and prior EEO activity he was not selected for the position of Visual Information Specialist, GG-0301-07/09/11/12, as advertised under Vacancy Announcement RCC2020NY-2018-0103.

## 5. CAUSES OF ACTION

### COUNT ONE: DISABILITY DISCRIMINATION UNDER THE ADA

5.1  Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

5.2  Plaintiff is a qualified individual within the meaning of the ADAAA (42 U.S.C. § 12111(8)).

5.3  Defendant is an employer and cover entity under the ADAAA (42 U.S.C. §§ 12111(2), (5)(A)).

5.4  Plaintiff was an employee of Defendant under the ADAAA (42 U.S.C. §12111(4)).

1. Plaintiff is actually disabled, as defined under the ADA and concurrent New York law. His evaluations and prescribed medicine reveal that he is protected by the ADA.

2. Defendant regarded or perceived Plaintiff as having a disability within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(C), (3)(A)).

3. Plaintiff reported his disability.

4. Plaintiff requested medical accommodations regarding his disability.

5. Defendant discriminated against Plaintiff on the basis of his disability in violation

of the ADAAA (42 U.S.C. §12112).

6. Defendant also discriminated against Plaintiff by being "regarded as" having a disability.

## COUNT TWO: RETALIATION

5.5 Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

5.6 Defendant intentionally retaliated against Plaintiff after making a formal EEO complaint in violation of the ADA.

## 6. TIMELINESS

6.1. Plaintiff brought this suit within 90 days from the date of receipt of the notice of right to sue.

## 7. ADMINISTRATIVE CONDITIONS PRECEDENT

7.1. Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiffs charge of discrimination within 300 days of the date Plaintiff learned of the adverse employment action.

## 8. DAMAGES

8.1. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiffs credibility and sustained damage to Plaintiffs prospects for future employment.

## 9. ATTORNEY'S FEES

9.1. Defendants' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of Kennard Law, PC, 5120

Woodway, Suite 10010, Houston, Texas 77056 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 10. PRAYER

10.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

9.1.1. Judgment against Defendants, for actual damages sustained by Plaintiff as alleged herein;

9.1.2. Judgment against Defendants, for back pay lost by Plaintiff as alleged herein;

9.1.3. Judgment against Defendants, for front pay by Plaintiff as alleged herein;

9.1.4. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

9.1.5. Pre-judgment interest at the highest legal rate;

9.1.6. Post-judgment interest at the highest legal rate until paid;

9.1.7. Damages for mental pain and mental anguish;

9.1.8. Compensatory damages;

9.1.9. Exemplary and punitive damages;

9.1.10. Attorney's fees;

9.1.11. All costs of court expended herein;

9.1.12. Such other and Further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,



/s/ Ellen Sprovach
Ellen Sprovach, Pending Pro Hac Vice
Texas Bar No. 24000672
Southern District I.D. 22202
ellen.sprovach@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, TX 77056
Main: 713.742.0900
Fax: 832.558.9412

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF**


Michael R. DiChiara
Krakower DiChiara LLC
333 Bloomfield Ave., Suite 202
Caldwell, NJ 07006
Telephone: 201-746-0303
Fax: 347-765-1600
md@kdlawllc.com