USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
TRENT BERGER,                                                   :
:
                                    Plaintiff,   :            1:22-cv-10257-GHW
:
                -v-                              :            ORDER
:
U.S. DEPARTMENT OF COMMERCE, *et al.*,           :
:
                                    Defendants.  :
:
--------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    Plaintiff commenced this action on December 2, 2022. Dkt. No. 1. Plaintiff asserts claims of discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12111(8), and Section 504 of the Rehabilitation Act of 1973. *See* Dkt. No. 26, Amended Complaint. On November 15, 2024, Defendants moved for summary judgment on both of Plaintiff's claims. Dkt. No. 61. Defendants filed supporting materials that same day. Dkt. Nos. 62–64. Plaintiff filed opposition materials on January 13, 2025. Dkt. Nos. 69–73. Defendants filed a reply on February 10, 2025. Dkt. No. 74.

    On March 27, 2025, Judge Aaron issued a thoughtful and well-reasoned report and recommendation on Defendants' motion for summary judgment. Dkt. No. 75 (the "R&R"). Judge Aaron recommends that the Court grant in part and deny in part Defendants' motion. Specifically, the R&R recommends that the Court grant summary judgment in favor of Defendants on Plaintiff's ADA claim because federal employees have no remedy for employment discrimination under the ADA. R&R at 12 n.12. The R&R also recommends that summary judgment be denied with respect to Plaintiff's Rehabilitation Act claims because there are genuine disputes of material fact regarding Plaintiff's requests for accommodations, Defendants' grant of accommodations, Plaintiff's ability to perform his essential job functions with reasonable accommodation, and Defendants' retaliatory

intent.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The R&R specifically stated that "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS." R&R at 27. The Court reviews for clear error those parts of a report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

No objection to the R&R was submitted within the fourteen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts the R&R in its entirety. Therefore, Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 61.

SO ORDERED.

Dated: April 11, 2025

_____
GREGORY H. WOODS
United States District Judge

2